IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PRENTESS DESHUN WALKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14cv625-MHT-GMB |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Before the court is federal inmate Prentess Deshun Walker's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Doc. 2.[1]

## I. INTRODUCTION

On August 19, 2005, Walker pleaded guilty under a plea agreement to conspiracy to commit carjacking in violation of 18 U.S.C. § 371 (Count One), aiding and abetting carjacking in violation of 18 U.S.C. §§ 2 & 2119 (Count Two), and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3). After a sentencing hearing on January 6, 2006, the district court sentenced Walker to 327 months in prison, consisting of consecutive terms of 180 months on the conspiracy count, 63 months on the carjacking count, and 84 months on the firearm count.[2] Doc. 13-10.

---

[1] Document numbers ("Doc.") are those assigned by the Clerk of Court in this action. Page references are to those assigned by CM/ECF.
[2] The district court adopted the factual statements in the presentence investigation report and found that Walker was to be sentenced as a career offender. Doc. 13-10 at 24. As a career offender, Walker's guideline

Walker appealed, arguing his sentence was erroneously enhanced under the career offender provision of the United States Sentencing Guidelines, U.S.S.G. § 4B1.1, because his prior Alabama conviction for third-degree escape was not a crime of violence.[3] Doc. 13-13. On May 17, 2006, the Eleventh Circuit dismissed his appeal because of the appeal waiver in his plea agreement. Doc. 13-14.

On June 17, 2014, Walker filed this § 2255 motion presenting claims that (1) the Supreme Court's decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014), invalidates his convictions; and (2) under the holding in *Descamps v. United States*, 133 S. Ct. 2276 (2013), he was erroneously enhanced as a career offender based on his prior conviction for third-degree escape. Doc. 2 at 6–11. On April 26, 2016, Walker amended his motion to argue that his sentence as a career offender violated the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), because his prior escape conviction was not a crime of violence under the residual clause of the career offender guideline. Doc. 18. On June 27, 2016, now represented by the Federal Defender for the Middle District of Alabama, Walker supplemented his *Johnson* claim to argue that his prior Alabama conviction for third-degree burglary was also not a crime of violence under the guideline's residual clause and, like his escape conviction, was erroneously used to

---

sentencing range for all counts was 262 to 327 months. Doc. 13-10 at 24. The district court's comments at sentencing indicate an intention to sentence Walker at the top end of this range. Doc. 13-10 at 24–25.

[3] Section 4B1.1 of the Sentencing Guidelines classifies a defendant as a career offender if (1) he was at least 18 years old at the time he committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. 4B1.1(a).

designate him a career offender. Doc. 28.

The Government contends that Walker's claims are barred from review by the waiver provision in his plea agreement and that they are also procedurally defaulted because they were not advanced on direct appeal and Walker has shown no grounds excusing his default. Doc. 13 at 18–21; Doc. 24 at 40–41. The Government further argues that, in any event, Walker's claim under *Rosemond* is without merit. Doc. 13 at 21–22. The Government also maintains that *Johnson* did not create a new right retroactively applicable to career offender issues on collateral review, and therefore Walker's attempt to seek relief under *Johnson* is barred by the waiver provision in his plea agreement. Doc. 13 at 23–28; Doc. 24 at 14–15 & 25–41.

On March 30, 2017, the undersigned Magistrate Judge entered a Recommendation that Walker's § 2255 motion be denied and this case be dismissed with prejudice. Doc. 33. However, that Recommendation was withdrawn after Walker, through the Federal Defender, filed objections arguing—for the first time—that his 180-month sentence for conspiracy to commit carjacking is illegal because it exceeds the statutory maximum for an 18 U.S.C. § 371 offense. *See* Docs. 38 & 41. Walker then moved to amend his § 2255 motion to advance the same argument. Doc. 50. Walker's claim regarding the legality of his sentence for his § 371 conviction is well taken. For the reasons that follow, it is the Recommendation of the Magistrate Judge that Walker's § 2255 motion be DENIED in part and GRANTED in part, and accordingly that his motion to amend (Doc. 50) be DENIED as moot.

## II. DISCUSSION

### A. Walker's Claim Under *Rosemond*

Walker contends that the United States Supreme Court's decision in *Rosemond* invalidates his convictions. *See* Doc. 2 at 2–3 & 6–7. In *Rosemond*, decided on March 5, 2014, the Supreme Court held that, to prove a defendant aided and abetted the offense of using or carrying a firearm during and in relation to a crime of violence, the government must show "that the defendant actively participated in the underlying . . . violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." *Rosemond*, 134 S. Ct. at 1243. Walker claims that he did not have advance knowledge that firearms would be used in carrying out the carjacking, that he handled a gun during the offense only because the weapon was handed to him by his codefendant, and that he pointed the gun at the victim only because his codefendant directed him to do so. Doc. 2 at 6.

The Government suggests that Walker's *Rosemond* claim may be untimely under the one-year limitation period in 28 U.S.C. § 2255(f)(1) because he filed his § 2255 motion over seven years after his judgment of conviction became final, but then states Walker's *Rosemond* claim is timely under 28 U.S.C. § 2255(f)(3) because Walker filed his motion within one year after the decision in *Rosemond*, which issued on March 5, 2014.[4] Doc. 13

---

[4] The court does not consider this to be an express waiver of the statute-of-limitations defense by the Government, but rather an incorrect prediction by the Government that this and other courts would find *Rosemond* to be retroactively applicable on collateral review. District courts may consider a statute-of-limitations defense if the Government does not deliberately waive the defense. *See Wood v. Milyard*, 132 S. Ct. 1826, 1830 (2012); *Day v. McDonough*, 547 U.S. 198, 202 (2006); *United States v. Bendolph*, 409 F.3d 155, 165 (3d Cir. 2005).

4

at 16–18.

As a general rule, a motion to vacate under 28 U.S.C. § 2255 must be filed within one year of the date on which the petitioner's judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). One exception to this general rule is provided in § 2255(f)(3), which reopens the one-year time period from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[5] 28 U.S.C. § 2255(f)(3).

The Supreme Court has not made its decision in *Rosemond* retroactively applicable to cases on collateral review, nor has any court within the Eleventh Circuit determined that it is retroactively applicable. *See, e.g., Nesbitt v. Rathman*, 2016 WL 783881, at *3 (N.D. Ala. Jan. 28, 2016) (determining that *Rosemond* does not apply to second or successive habeas petitions). Further, nearly every district court to have dealt with the issue has held that *Rosemond* did not create a new rule of law. *See, e.g., Cooper v. Brien*, 2015 WL 6085717, at *3–4 (N.D. W.Va. Oct. 16, 2015) (holding that *Rosemond* is not retroactively applicable and listing cases where *Rosemond* was not retroactively applied); *Evans v. United States*, 2015 WL 5838647, at *3 (W.D. Tenn. Oct. 7, 2015) ("The Supreme Court did not hold *Rosemond* to be retroactively applicable to cases on collateral review, and this court declines to do so."); *Woods v. Wilson*, 2015 WL 2454066, *5 (D. Minn. May 22,

---

[5] As the Supreme Court made clear in *Dodd v. United States*, 545 U.S. 353 (2005), if the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from [the] Court's decision within which to file his § 2255 motion." *Id*. at 358.

5

2015) (concluding that "the holding in *Rosemond* does not represent a new rule of law"); *Nix v. United States*, 2015 WL 2137296, *2–3 (S.D. Miss. May 7, 2015) (concluding that *Rosemond* is not retroactively applicable to cases on collateral review); *Aquil v. Butler*, 2015 WL 1914404, *4 (E.D. Ky. Apr. 27, 2015) (concluding that a § 2241 petition could not proceed under the savings clause based on *Rosemond* because "*Rosemond* does not apply retroactively to cases on collateral review"); *Minyana v. United States*, 41 F. Supp. 3d 343, 345 (S.D.N.Y. 2014) ("There is no indication that the Supreme Court intended for [*Rosemond*] to apply retroactively . . . ."); *Whitener v. United States*, 2014 WL 6808789, at *2 (W.D.N.C. Dec. 2, 2014); ("*Rosemond* is not retroactively applicable to cases on collateral review."); *Montana v. Cross*, 2014 WL 5091708, *3 (S.D. Ill. Oct. 10, 2014) (collecting cases that refuse to apply *Rosemond* retroactively); *Martinez v. United States*, 2014 WL 3361748, at *2 (N.D. Tex. Jul. 9, 2014) ("*Rosemond* did not announce a new 'substantive' rule . . . the Supreme Court was clear that its *Rosemond* holding was dictated by established precedent."); *but see United States v. Greene*, 2015 WL 347833, *2 (E.D. Wisc. Jan. 23, 2015) (concluding that *Rosemond* applied retroactively to a § 2255 motion attacking a conviction pursuant to 18 U.S.C. § 924(c)).

This court joins the vast majority of district courts that have addressed this issue in concluding that *Rosemond* does not apply retroactively on collateral review because it did not announce a new rule of law. Without relief from *Rosemond*, Walker had one year from the date on which his conviction became final to file this § 2255 motion. A judgment of conviction becomes final for someone who appeals to an appellate court when the time for seeking certiorari review in the Supreme Court expires. *See Kaufman v. United States*, 282

F.3d 1336, 1337–39 (11th Cir. 2002). The Eleventh Circuit dismissed Walker's direct appeal on May 17, 2006 based on the appeal waiver in his plea agreement. Walker had 90 days from the Eleventh Circuit's decision to seek certiorari review in the Supreme Court. He did not petition the Supreme Court for certiorari. Thus, his judgment of conviction became final on August 15, 2006—90 days after May 17, 2006. Under 28 U.S.C. § 2255(f)(1), Walker had until August 15, 2007, to file a timely § 2255 motion. The *Rosemond* claim Walker asserts in his § 2255 motion, which was filed on June 17, 2014, was raised far beyond the one-year limitation period in § 2255(f)(1). The claim therefore should be dismissed as untimely.

Alternatively, even if *Rosemond* is retroactively applicable to cases on collateral review and Walker's *Rosemond* claim is not time-barred, the holding in *Rosemond* is factually distinguishable and affords Walker no relief. Walker actually possessed the firearm and used it in commission of the carjacking. At the change of plea hearing, Walker admitted he was the individual in actual possession of the firearm. Doc. 1-8 at 14. He further admitted to pointing the firearm at the victim and using the firearm to assist in taking control of the victim's vehicle. Doc. 1-8 at 14–15. Nothing in the record backs up Walker's claim that he was unaware a gun would be used in carrying out the carjacking or that he possessed and used the gun unwillingly. To the contrary, the presentence investigation report ("PSI") indicates that Walker drew the weapon, a .45-caliber handgun, after he and his codefendant approached the victim in her car; that Walker placed the gun to the back of the victim's head and told her to give him the keys to her car or she was "dead"; and that Walker pointed the gun at the victim throughout the offense. Doc. 13-9 at

7

5 & 14. The PSI also reflects that the victim stated that Walker "appeared to be in control of the whole situation." Doc. 13-9 at 5. *Rosemond* dealt specifically with the Government's burden of proof for a defendant who aids or abets another person's use or carrying of a firearm during a crime of violence or drug trafficking in violation of 18 U.S.C. § 924(c). *See Rosemond,* 134 S. Ct. at 1243. For his § 924(c) offense, Walker was convicted of personally using or carrying a firearm, not merely aiding and abetting another person's use. Walker is entitled to no relief under *Rosemond*.[6]

### B. Walker's Claims Challenging His Sentence as a Career Offender

#### 1. *Descamps*

Walker argues that under the holding in *Descamps* he was erroneously enhanced as a career offender based on his prior Alabama conviction for third-degree escape. *See* Doc. 2 at 3–4 & 7–11. In *Descamps*, the United States Supreme Court held that sentencing courts may not apply the modified categorical approach to determine if a prior conviction is a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), when the crime of conviction has a "single, indivisible set of elements." *Descamps*, 133 S. Ct. at 2281–82.

As with his *Rosemond* claim, § 2255(f)(1)—not § 2255(f)(3)—provides the statute of limitations for Walker's *Descamps* claim. Because the claim was raised well after expiration of the one-year limitation period in § 2255(f)(1), the *Descamps* claim is

---

[6] This court does not consider whether Walker's *Rosemond* claim is also barred from review by the waiver provision in his plea agreement, because the waiver extended only to sentencing issues raised on appeal or in post-conviction proceedings. *See* Doc. 13-7 at 8–9. Walker's *Rosemond* claim challenges his convictions, not just the sentences imposed upon those convictions.

8

untimely. The Eleventh Circuit has recognized that *Descamps* did not announce a new rule, but instead merely applied prior precedent to reaffirm that courts may not use the modified categorical approach to determine whether convictions under indivisible statutes are predicate ACCA violent felonies, and therefore a claim for relief under *Descamps* does not trigger § 2255(f)(3). *See King v. United States*, 610 F. App'x 825, 828–29 (11th Cir. 2015); *Mays v. United States*, 817 F.3d 728, 734 (11th Cir. 2016) ("*Descamps* did not announce a new rule."); *Smith v. United States*, 2016 WL 3194980, at *5–7 (M.D. Fla. Jun. 9, 2016) (holding petitioner could not rely on *Descamps* to make his § 2255 motion timely under § 2255(f)(3) "because *Descamps* did not 'newly recognize' the right asserted").[7] Because *Descamps* is not a new rule, Walker is not entitled to its use to apply § 2255(f)(3) as a triggering event for statute of limitation purposes. Section 2255(f)(1) provides the limitation period for Walker's *Descamps* claim; therefore, the claim should be dismissed as untimely.[8]

---

[7] As the district court in *Smith* noted:
> Section 2255(f)(3) has two requirements: (1) the right invoked in the prisoner's § 2255 motion must have been initially recognized or newly recognized by the Supreme Court, *and* (2) the rule invoked in the § 2255 motion must have been made retroactively applicable. *See* 28 U.S.C. § 2255(f)(3). Thus, for a Supreme Court decision to trigger § 2255(f)(3), it must satisfy both the statute's "newness" *and* "retroactivity" requirements. The Supreme Court and the Eleventh Circuit have both made plain that there is nothing "new" about *Descamps*.

*Smith*, 2016 WL 3194980, at *7 (citations omitted). *Descamps* "merely clarified the existing law concerning the approach sentencing courts may apply when determining whether an underlying conviction qualifies as a predicate offense under the Armed Career Criminal Act." *Adams v. United States*, 2014 WL 4685522, *2 (S.D. Ala. Sep. 19, 2014); *cf. United States v. Contreras*, 739 F.3d 592, 594 n.2 (11th Cir. 2014) (recognizing that *Descamps* "primarily addresses when it is proper to use the modified categorical approach). As the Supreme Court itself stated in *Descamps*, "[o]ur caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case." *Descamps*, 133 S. Ct. at 2283.

[8] Unlike statutes that fix the permissible range of sentences, the Sentencing Guidelines merely guide the exercise of a district court's discretion in choosing an appropriate sentence within the statutory range. Thus, guideline-application errors are subject to procedural default and time-bars. *See, e.g., McKay v. United*

Alternatively, the court finds that Walker's *Descamps* claim is barred from review by the waiver provision in his plea agreement. The written plea agreement contained a waiver provision with the following pertinent language:

DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

> Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding.

Doc. 13-7 at 9–10. Under this provision, Walker waived his rights to appeal and collaterally attack his sentence.

An appeal waiver or collateral-attack waiver is valid if a defendant enters into it knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert,* 997 F.2d 1343, 1350–55 (11th Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce an appeal waiver, the Government must demonstrate either that (1) the court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record shows that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997

---

*States*, 657 F.3d 1190, 1196–1200 (11th Cir. 2011); *Bido v. United States*, 438 F. App'x 746, 748 (11th Cir. 2011). This court rejects Walker's suggestion (Doc. 2 at 6 & 10) that he is actually innocent of his career offender classification. The Eleventh Circuit has expressly rejected the argument that a defendant could be convicted of—or actually innocent of—being a career offender. *See Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011). Settled Eleventh Circuit caselaw holds that an error in application of the Sentencing Guidelines does not constitute a "complete miscarriage of justice." *See Spencer v. United States*, 773 F.3d 1132, 1139–44 (11th Cir. 2014); *Burke v. United States*, 152 F.3d 1329, 1331–32 (11th Cir. 1998).

F.2d at 1351.

The record indicates that the Walker's waiver was knowing and voluntary. At the change of plea hearing, the magistrate judge ascertained from Walker that he had read and discussed the plea agreement with his counsel before signing it, and that he understood the terms of the plea agreement. Doc. 13-8 at 5–6. The general terms of the waiver provision were stated in open court, with Walker representing to the court that he understood them. Doc. 13-8 at 9–10. Further, the written plea agreement contained Walker's signature under language acknowledging that he had read and understood the plea agreement and that the matters and facts in the written agreement accurately reflected all representations made to him and all the terms reached. Doc. 13-7 at 15. Walker makes no claim that he did not understand the consequences of the waiver. Under these circumstances, the court finds that Walker understood the full significance of the waiver provision in his plea agreement and that his assent to the waiver was knowing and voluntary. Consequently, the court agrees with the Government that Walker's *Descamps* claim is barred from review by the waiver provision in his plea agreement.

   2.   *Johnson*

Walker argues that his sentence as a career offender violated the Supreme Court's holding in *Johnson* because his prior convictions for third-degree escape and third-degree burglary, which were used to designate him as a career offender, do not qualify as crimes of violence under the residual clause of the career offender guideline, U.S.S.G. § 4B1.2(a). *See* Docs. 18 & 28.

In *Johnson*, decided on June 26, 2015, the Supreme Court determined that the

definition of "violent felony" under the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2557–59. The career offender guideline's residual clause in U.S.S.G. § 4B1.2(a) contains language similar to that of the ACCA's residual clause. Walker contends that *Johnson*'s holding, although addressed specifically to the ACCA's residual clause, extends to the Sentencing Guidelines and that, under *Johnson*, the career offender guideline's residual clause is also void for vagueness.

In April 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016). Walker maintains that because he asserted his *Johnson* claim within one year of the Supreme Court's decision in *Johnson*, he is entitled to have the holding in that case applied retroactively to his claim challenging his sentence as a career offender. He argues that the district court found his Alabama convictions for third-degree escape and third-degree burglary to qualify as "crimes of violence" under the career offender guideline's residual clause and that, under *Johnson*, his sentence enhancement as a career offender was therefore improper.

Recently, however, in *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court concluded that the Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. More specifically, the Court held that *Johnson*'s vagueness holding does not apply to the career offender provisions of the guidelines—the provisions under which the district court enhanced Walker's sentence. *See Beckles*, 137 S. Ct. at 892, 894 & 896. *Beckles* thus forecloses Walker's argument that he is entitled to § 2255 relief

under *Johnson*. There would have been nothing unconstitutional—if this is indeed what happened—about the district court's use of the career offender guideline's residual clause to find that Walker's escape and burglary convictions were crimes of violence and to increase his guideline sentencing range accordingly. In view of *Beckles*'s holding that *Johnson* does not apply to the career offender provisions of the Sentencing Guidelines, Walker is entitled to no relief on this claim.

**C.      Walker's Sentence for the Conspiracy Offense**

Walker contends that his 180-month sentence for conspiracy to commit carjacking is illegal because it exceeds the statutory maximum of not more than five years of imprisonment for an 18 U.S.C. § 371 offense. *See* Doc. 38 at 17; Doc. 50. Walker is correct.

Count One of the indictment charged Walker under the general federal conspiracy statute, 18 U.S.C. § 371. A conviction under that statute carries a five-year maximum sentence:

> Congress has created some specific conspiracy crimes with parallel sentencing, that is, with the statutory maximum sentence for a conspiracy crime following that of the underlying substantive offense. *See, e.g.*, 21 U.S.C. § 846 (drug conspiracy); 18 U.S.C. § 1117 (conspiracy to commit homicide). Because, however, [the petitioner] was charged under the general federal conspiracy statute, which does not itself provide for parallel sentencing, he should not have been sentenced to more than five years in prison on count one.

*United States v. Ocasio-Ruiz*, 779 F.3d 43, 49 (1st Cir. 2015).

Walker's 180-month sentence for the § 371 conspiracy offense exceeded the five-

year statutory maximum by 120 months.[9] This error is apparent from the plain language of § 371. "It is both axiomatic and jurisdictional that a court of the United States may not impose a penalty for a crime beyond that which is authorized by statute." *Bushert*, 997 F.2d at 1350 n.18. Therefore, this court is not persuaded by the Government's arguments that Walker's challenge to his sentence for the § 371 offense is barred by the waiver provision in his plea agreement, is time-barred under § 2255(f)'s limitation period, or is otherwise procedurally barred because it was not previously asserted. *See* Doc. 46. As the Eleventh Circuit has stated:

> One type of claim that has historically been recognized as fundamental, and for which collateral relief has accordingly been available, is that of "jurisdictional" error. *See, e.g., United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979) ("Habeas corpus has long been available to attack convictions and sentences entered by a court without jurisdiction."); *Keel v. United States*, 585 F.2d 110, 114 (5th Cir. 1978) (en banc) (distinguishing, in challenge to conviction resting on guilty plea, "jurisdictional" errors from those which may not be raised via collateral attack). Since jurisdictional error implicates a court's power to adjudicate the matter before it, such error can never be waived by parties to litigation. *See Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 53 L. Ed. 126 (1908) (ordering case dismissed for lack of jurisdiction despite absence of objection from either party to trial court's previous adjudication of merits). In other words, the doctrine of procedural default does not apply.

*United States v. Peter*, 310 F.3d 709, 712–13 (11th Cir. 2002); *see also United States v. Gibson*, 356 F.3d 761, 767 (7th Cir. 2004) (stating, where defendant was sentenced in

---

[9] Walker's total sentence for his three convictions was 327 months in prison, consisting of consecutive terms of 180 months for the § 371 conspiracy offense, 63 months for aiding and abetting carjacking in violation of 18 U.S.C. §§ 2 & 2119, and 84 months for using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The statutory maximum sentence for carjacking is 180 months and the statutory maximum sentence for a conviction under § 924 is life imprisonment, and thus the sentencing court could have structured a sentence of 327 months without imposing a sentence greater than the statutory maximum sentence in § 371.

excess of § 371's five-year statutory maximum, that to "allow an illegal sentence to stand would impugn the fairness, integrity, and public reputation of the judicial proceedings that have taken place in this case [and offend] "the integrity of the judicial system""); *Bushert*, 997 F.2d at 1350 n.18 ("[T]here are certain fundamental and immutable legal landmarks within which the district court must operate regardless of the existence of sentence appeal waivers."); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992) ("[A] defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute[.]").

The court therefore finds that Walker is entitled to relief on this claim and that he should be resentenced by the district court. In light of the recommendation that Walker be resentenced on this basis, the court recommends the denial as moot of his motion to amend his petition to assert the same claim for relief.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 petition be DENIED in part and GRANTED in part. Specifically, it is RECOMMENDED that:

1. Walker's claims under *Rosemond*, *Descamps*, and *Johnson* (*see* Parts II.A & II.B above) be DENIED and DISMISSED WITH PREJUDICE; and

2. Walker's claim challenging the legality of his sentence for the § 371 conspiracy offense (*see* Part II.C above) be GRANTED and Walker be resentenced pursuant to the applicable statutory limits and guideline range.

It is the further RECOMMENDATION of the Magistrate Judge that the motion to amend (Doc. 50) be DENIED as moot.

It is ORDERED that the parties shall file any objections to this Recommendation or before **October 11, 2017.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 27th day of September, 2017.

 GRAY M. BORDEN
 UNITED STATES MAGISTRATE JUDGE